PER CURIAM.
The defendant was originally adjudicated guilty of two offenses: attempted armed robbery (§ 812.13(2)(a), Fla.Stat.) and ag *1352 gravated battery (§ 784.045(l)(b), Fla. Stat.). He was sentenced to thirty months imprisonment on the aggravated battery offense and was placed on five years probation on the attempted armed robbery offense. After serving the confinement sentence on the aggravated battery offense, the defendant violated his probation on the attempted armed robbery offense by committing a new crime involving the possession of cocaine. After his probation was terminated, he was sentenced in this case on the original offense of attempted armed robbery. The guidelines scoresheet prepared at that sentencing totals 60 points, resulting in a recommended guideline sentence of community control or 12-30 months’ incarceration. The trial court imposed a sentence of incarceration for a term of l}k years “followed by a period of restored and extended to years on probation” [1] giving as reasons for departure:
The defendant served 2V2 years, the maximum in this cell. He then began a term of probation. He violated the probation by committing a new crime, possession of cocaine. To stay within the recommended guideline would be to impose no punishment.
The defendant appeals the departure sentence.
The 2V2 years the defendant was previously incarcerated was as punishment for the aggravated battery offense. He is now being sentenced for the attempted armed robbery offense for which he was originally placed on probation. Florida Rule of Criminal Procedure 3.701d.l4. provides that a sentence imposed after revocation of probation may be increased to the next higher cell (guideline range) without requiring a reason for departure. The next higher guideline range cell authorizes yH?r&lz years incarceration. For some reason not shown by the record, the possession of cocaine charge which was the basis for termination of the probation on the attempted armed robbery offense apparent ly did not constitute an additional offense at conviction (Rule 3.701d.4.) and was therefore not part of this scoresheet in this case. If the defendant is convicted of the cocaine charge, he can then be sentenced and punished for that offense; that charge is no reason for a departure sentence in this case.
We cannot agree with the trial court that the imposition of a non-departure sentence of 3V2 years incarceration for the offense of attempted armed robbery for which the defendant is now being sentenced will constitute “no punishment.”
The reasons for departure being insufficient, the sentence imposed is vacated and the cause is remanded with directions that the trial court impose a sentence within the authorized guidelines range, being a sentence not exceeding 3V2 years incarceration.
SENTENCE VACATED, CAUSE REMANDED.
SHARP, C.J., and ORFINGER, J., concur.
COWART, J., concurs specially with opinion.

. We do not understand what was intended or accomplished by this quoted language.